# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
HAROLD GEWERTER, BAR NO. 449.

No. 81540

IN THE MATTER OF DISCIPLINE OF
HAROLD P. GEWERTER, BAR NO. 499.

No. 81817 ✓

FILED

APR 23 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF SUSPENSION*

These are automatic reviews of Southern Nevada Disciplinary Board hearing panels' recommendations that attorney Harold P. Gewerter be suspended in Docket No. 81540 for one year based on violations of RPC 1.15 (safekeeping property), RPC 8.1 (disciplinary matters), and SCR 78(1)(b) (maintenance of trust funds) and disbarred in Docket No. 81817 based on violations of RPC 1.2 (scope of representation), RPC 1.5 (fees), RPC 1.9 (duties to former clients), RPC 1.15 (safekeeping property), and RPC 1.16(d) (declining or terminating representation: refunding unearned fees).[1] In Docket No. 81817, Gewerter's counsel withdrew before briefing and advised the court that Gewerter intends to resign from the State Bar rather than litigate the matter given the adverse medical diagnoses he recently received. Thus, that matter stands submitted for decision based on the

---

[1]Gewerter is currently suspended. *In re Discipline of Gewerter*, Docket No. 80198 (Order of Suspension, Oct. 26, 2020).

record. SCR 105(3)(b). In Docket No. 81540, Gewerter's amended opening brief and notice of appearance of new counsel are overdue.[2] Thus, we submit that matter for decision based on the record as well. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Gewerter committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). This court determines the appropriate discipline de novo. SCR 105(3)(b). In doing so, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

*Docket No. 81540*

We defer to the panel's findings that Gewerter violated the above listed rules in Docket No. 81540 as those findings are supported by substantial evidence and are not clearly erroneous. *See* SCR 105(3)(b); *Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013). The record demonstrates that Gewerter accepted $750,000 from his client to be held in trust, continued to bill the client separately from the $750,000 but also withdrew the $750,000 as attorney fees without any accounting of how the funds were distributed, and failed to provide the State Bar with records it requested.

---

[2]Gewerter's original opening brief was struck. *In re Discipline of Gewerter*, Docket No. 81540 (Order, Nov. 12, 2020).

Gewerter violated duties owed to his client (safekeeping property) and the profession (disciplinary matters). The record supports the panel's finding that Gewerter acted knowingly and that his client and the profession suffered at least potential injury.[3] The baseline sanction for Gewerter's conduct, before consideration of aggravating and mitigating circumstances, is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.12 (Am. Bar Ass'n 2017) ("Suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client."). The record supports the four aggravating circumstances found by the panel (prior discipline; submission of false evidence, false statements, or other deceptive practices during the disciplinary hearing; refusal to acknowledge the wrongful nature of his conduct; and substantial experience in the practice of law). The record, however, does not support the two mitigating circumstances found by the panel, as no evidence was admitted as to Gewerter's character and reputation and at least one of Gewerter's prior offenses is not remote. Considering all of the factors, we conclude that the recommended discipline of a one-year suspension is appropriate.

---

[3]The panel concluded that Gewerter's misconduct resulted in little or no injury, likely because in a separate civil action brought by the client, the district court found that despite the absence of an agreement providing that the $750,000 was for attorney fees, Gewerter performed legal work for the client for which he was not paid and the client owed Gewerter at least $750,000 for that work.

*Docket No. 81817*

We defer to the panel's findings that Gewerter violated the above listed rules in Docket No. 81817 as those findings are supported by substantial evidence and are not clearly erroneous. *See* SCR 105(3)(b); *Sowers*, 129 Nev. at 105, 294 P.3d at 432. When a client met with Gewerter to discuss an estate, he did not adequately define his scope of representation for the client. He charged the client a flat fee of $10,000 and encouraged the client to pay the fee by charging the $10,000 to the decedent's credit card, despite knowing any payment from the estate would have to be first approved by the court. Once the client terminated Gewerter's representation, he released confidential communications he had with the client. Lastly, he commingled and/or misappropriated the $10,000 and failed to refund his unearned fees.

Gewerter violated duties owed to his client (scope of representation, fees, preserving client confidences, safekeeping property, and refunding unearned fees). The record supports the panel's findings that Gewerter acted negligently in violating RPC 1.2 and RPC 1.16 and knowingly in violating RPC 1.5, RPC 1.9, and RPC 1.15. Gewerter's client and the decedent's estate were injured or exposed to potential injury. Gewerter released the client's confidential communications, which could adversely affect her in the probate matter. Further, the decedent's estate has been deprived of the $10,000. The baseline sanction for Gewerter's conduct, before consideration of aggravating and mitigating circumstances, is disbarment. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.11 (Am. Bar Ass'n 2017) ("Disbarment is generally appropriate when a

 

lawyer knowingly converts client property and causes injury or potential injury to a client."); *id.* at Standard 8.1(b) (providing that disbarment is appropriate when a lawyer "has been suspended for the same or similar misconduct, and intentionally or knowingly engages in further similar acts of misconduct that cause injury or potential injury to a client"). The record supports the four aggravating circumstances found by the panel (substantial experience in the practice of law, prior discipline, multiple offenses, and refusal to acknowledge the wrongful nature of his conduct).

Considering all four factors and this court's previously imposed discipline for similar misconduct, we conclude a downward deviation from the recommended discipline of disbarment is warranted. While Gewerter has yet to return the $10,000, he has indicated a willingness to do so. Further, nothing in the record indicates the estate has suffered actual injury by the delay in the $10,000 refund. Thus, we conclude that a four-year suspension will serve the purpose of attorney discipline. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining the purpose of attorney discipline).

Accordingly, commencing from the date of this order, we hereby impose a one-year suspension on attorney Harold P. Gewerter's practice of law in Nevada based on the misconduct in Docket No. 81540, and a four-year concurrent suspension on his practice of law based on the misconduct in Docket No. 81817.[4] Additionally, Gewerter shall pay the costs of both

---

[4]The panel recommended that the suspension in Docket No. 81540 "run concurrent to any other suspension previously imposed" without specifying whether the commencement date should be retroactive to the date of suspension in Docket No. 80198. We conclude that it should not,

disciplinary proceedings, including $2,500 for each as mandated by SCR 120(3), within 30 days from the date of this order. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Pickering

SILVER, J., with whom HERNDON, J., agrees, dissenting:

I respectfully dissent. Based on the violations, disbarment is the appropriate discipline for Gewerter's misconduct. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility*

---

and thus the concurrent suspensions imposed in the two dockets addressed in this order shall commence from the date of this order.

SUPREME COURT
OF
NEVADA

(O) 1947A

*Rules and Standards*, Standard 4.11 (Am. Bar Ass'n 2017) ("Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client.").

_____, J.
Silver

I concur:

_____, J.
Herndon

cc:     Chair, Southern Nevada Disciplinary Board
        Harold P. Gewerter
        Manuele Law LLC
        Bar Counsel, State Bar of Nevada
        Executive Director, State Bar of Nevada
        Admissions Office, U.S. Supreme Court